UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE THOMAS GIPSON | No. C 06-5445 WDB |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

On December 13, 2007, this Court issued an Order to Show Cause ("OSC") directing Plaintiff's counsel, James Hunt Miller, to file a declaration by January 4, 2008, showing cause why this action should not be dismissed for failure to prosecute. The Court issued this OSC in light of Mr. Miller's failure timely to meet his obligation to file a motion for summary judgment, for which the court-imposed deadline was April 18, 2007, and his failure to file *any* documents in the case since March 16, 2007, when the parties filed their stipulation and proposed Order setting the deadline for filing the motion for summary judgment.

On January 4, 2008, as directed by the Court, Mr. Miller filed a Response to the OSC. On that date Mr. Miller also filed the motion for summary judgment — now more than eight months overdue. In his Response to the OSC, Mr. Miller explained, somewhat incomprehensibly, that the delay in filing the motion was due to "initial inept scheduling," issues that turned out to be "considerably more difficult than expected," and "a full schedule of work on other cases." This explanation provides insufficient cause to warrant the excessively tardy filing. Mr. Miller's excuses of having more work than he could handle and

1

| | |
|---|---|
| 1 | being faced with issues more complex than he anticipated are common to most lawyers |
| 2 | practicing before this Court.  What distinguishes Mr. Miller is that at no time did he seek |
| 3 | permission from defense counsel or from the Court for an extension of the deadline to file |
| 4 | the Motion.  Indeed, on more than one occasion, the Court contacted Mr. Miller by telephone |
| 5 | to inquire when the Motion would be filed.  But to no avail.  It was not until the Court issued |
| 6 | its OSC that it received any Response from Mr. Miller. |

The Court regrets that this Order dismissing the action might cause harm to Plaintiff, who, according to Mr. Miller, is in no way responsible for his lawyer's failure to prosecute the case.  The Court's rules would be meaningless, however, if the Court did not mandate their enforcement in cases where there has been no sufficient explanation for their violation, nor any attempt to seek relief from the deadlines they impose.

Accordingly, this case is hereby DISMISSED for failure to prosecute.

IT IS SO ORDERED.

Dated: January 10, 2008

_____
WAYNE D. BRAZIL
United States Magistrate Judge