UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE THOMAS GIPSON | No. C 06-5445 WDB |
| Plaintiff, | INTERIM ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

On January 23, 2008, Plaintiff's Counsel, Mr. James Hunt Miller, filed a Motion for Leave to File a Motion for Reconsideration and a Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Action. Having preliminarily reviewed the Motion papers, the Court GRANTS the request for leave to file a Motion for Reconsideration and issues this interim order prior to ruling on the merits of the Motion to Reconsider.

Counsel's Motion to Reconsider stems from the following procedural backdrop. On December 13, 2007, this Court issued an Order to Show Cause ("OSC") directing Mr. Miller to file a declaration by January 4, 2008, showing cause why this action should not be dismissed for failure to prosecute. The Court issued this OSC in light of Mr. Miller's failure timely to meet his obligation to file a motion for summary judgment, for which the court-imposed deadline was April 18, 2007, and his failure to file *any* documents in the case since March 16, 2007, when the parties filed their stipulation and proposed Order setting the deadline for filing the motion for summary judgment.

On January 4, 2008, as directed by the Court, Mr. Miller filed a Response to the OSC. On that date Mr. Miller also filed the motion for summary judgment — now more than <u>eight months</u> overdue. In his Response to the OSC, Mr. Miller explained, somewhat incomprehensibly, that the delay in filing the motion was due to "initial inept scheduling," issues that turned out to be "considerably more difficult than expected," and "a full schedule of work on other cases." As set forth in its Order dated January 10, 2008, dismissing this action, the Court concluded that Mr. Miller's explanation provided insufficient cause to warrant the excessively tardy filing, or to warrant the failure even once to seek an extension of the court-ordered deadline. Mr. Miller now seeks to have the Court revisit this conclusion.

In contrast to his thirteen-line Response to the Order to Show Cause, in which he cited not a single legal case, Mr. Miller supports his Motion for Reconsideration with several cases from the Ninth Circuit that outline the following five factors for the court to consider to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir 1986). Before considering and ruling on the merits of the Motion to Reconsider, the Court would like to give Defendant an opportunity to respond to Plaintiff's Motion and, in particular, to provide argument as to why Plaintiff's case properly was dismissed under the five factors set forth above.

Accordingly, if Defendant chooses to file a response to the Motion to Reconsider, Defendant must do so **by no later than March 7, 2008.** If the Court does not receive a response by Defendant by this date, the undersigned will consider and rule on the Motion without a response from Defendants.

IT IS SO ORDERED.

Dated: February 22, 2008

WAYNE D. BRAZIL
United States Magistrate Judge

2